**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 11-20587-CR-SCOLA**

UNITED STATES OF AMERICA

v.

JACQUELINE MORAN, et al.,

    Defendants.

_____/

**ORDER DENYING MOTION TO SUPPRESS**

THIS MATTER is before the Court upon the Motion to Suppress [ECF No. 324], filed by Defendant Jacqueline Moran. The Court has carefully reviewed the Motion, the Government's Response, as well as argument during the hearing held March 20, 2012.

The facts are not in dispute; the Defendant and the Government agree as to the relevant sequence of events. Essentially, the present Motion concerns the admissibility of Defendant's statement, made upon her arrest and while she was riding in the backseat of a patrol car en route to the FBI booking station. Defendant was not questioned during the ride, but made an unsolicited statement to the effect that she had never billed patients who were not present at the clinic for therapy sessions. Upon arriving at the booking station, Defendant was given her *Miranda* rights and, thereafter, she signed a waiver and expressed a desire to speak with the agents. Defendant then made several statements to the FBI, including repeating the statement she made during the car ride to the station. Defendant now seeks to suppress both statements – the first as having been the product of interrogation, or its functional equivalent, prior to the giving of *Miranda* rights; and the second as being "poisonous fruit" of the first illicit statement.

Generally speaking, any evidence obtained by unconstitutional means is not admissible at trial. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961). Suppression applies to both the unconstitutionally obtained statement and any incriminating evidence that was derived from that primary statement – that is, the "fruit of the poisonous tree." *See United States v. Terzado-Madruga*, 897 F.2d 1099, 1112-13 (11th Cir. 1990). Law enforcement officers must issue *Miranda* warnings when a subject is both in custody and under interrogation. *See United States v. Castro*, 723 F.2d 1527, 1530 (11th Cir. 1984). "The term 'interrogation' refers to express questioning or its functional equivalent – 'any words or actions on the part of the police (other

than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.'" *United States v. Lightbourn*, 357 F. App'x 259, 265 (11th Cir 2009) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 309 n.5 (1980)). "The Supreme Court [has] recognized that not all statements obtained by the police after a person has been taken into custody are to be considered the product of interrogation." *See Lightbourn*, 357 F. App'x at 265 (citations omitted). Indeed, "[a]ny statement given freely and voluntarily is admissible in evidence." *See id.* Likewise, "statements that are voluntary and unresponsive to the questions posed are not protected by *Miranda*." *See id.*

Here, the Court finds that Defendant's statements should not be suppressed. What occurred in the car on the way to the booking station does not constitute interrogation or its functional equivalent. *See Rhode Island v. Innis*, 466 U.S. 291, 300-01 (1980). Instead, Defendant made what was essentially a spontaneous, unsolicited statement. The Government agents had no obligation to read Defendant her *Miranda* rights upon arrest, prior to her booking at the station, nor did they have an obligation to squelch her unsolicited speech in the patrol car. *See Sullivan v. Alabama*, 666 F.2d 478, 482 (11th Cir. 1982) (*Miranda* does not apply "where the statements are unsolicited, spontaneous and freely made prior to any attempted interrogation"). Because there is no basis to suppress that initial statement, it follows that there is also no cause to suppress Defendant's later statement, which she made after waiving her *Miranda* rights. The later statement cannot be "poisonous fruit" if the tree from which it fell was not itself poisonous. *See Lightbourn*, 357 F. App'x at 265 (because initial search was lawful, "the 'fruit of the poisonous tree' doctrine does not apply to [defendant's] subsequent incriminating statements"); *see also United States v. Echevarria*, 238 F. App'x 424, 426 (11th Cir. 2007) (same). The Court further finds that the Defendant freely, knowingly, and voluntarily waived her *Miranda* rights and that her post-arrest statements were freely and voluntarily made.

Accordingly, it is hereby **ORDERED and ADJUDGED** that the Motion is **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida on March 21, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:* Counsel of Record